IRENE KARBELASHVILI, Esq. (SBN 232223)
IRAKLI KARBELASHVILI, Esq. (SBN 302971)
ALLACCESS LAW GROUP
1400 Coleman Ave Ste F28
Santa Clara, CA 95050
Telephone: (408) 295-0137
Fax: (408) 295-0142
irene@allaccesslawgroup.com
irakli@allaccesslawgroup.com

*Attorneys for Plaintiff CARLOS PENA*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS PENA,<br><br>  Plaintiff,<br><br>  v.<br><br>TRIALS PUB, a California Corporation; ROBERT D. THOMAS; GREGORY BAUMANN; CYNTHIA BAUMANN; SCOTT BAUMANN; MADRONE VENTURES, INC.;<br><br>  Defendants. | CASE NO. 24-cv-654<br><u>Civil Rights</u><br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES**<br><br>1.  Violations of Title III of the Americans with Disabilities Act of 1990 (42 U.S.C. 12101 *et seq.*)<br><br>2.  Violations of the California Unruh Act (Cal. Civil Code § 51 *et seq.*)<br><br>3.  Violations of the California Health and Safety Code, (§§19955 *et seq.*)<br><br>4.  Violations of the California Disabled Persons Act (Cal. Civil Code § 54 *et seq.*) |

1

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

CARLOS PENA ("Plaintiff") complains of TRIALS PUB, a California Corporation; ROBERT D. THOMAS; GREGORY BAUMANN; CYNTHIA BAUMANN; SCOTT BAUMANN; and MADRONE VENTURES, INC. ("Defendants") as follows:

## INTRODUCTION

1. This is a civil rights action involving the lack of disabled access to the buildings, structures, facilities, property, land, developments, and/or business complexes located at or about 265 N 1st Street, San Jose, California and 255 N 1st Street, San Jose, California.

2. Plaintiff is physically disabled and relies on a wheelchair for mobility.

3. Defendants' failure to provide accessible facilities constitutes a denial of "full and equal" access required by Title III of the Americans with Disabilities Act of 1990 ("ADA") and related California civil rights statutes. The ongoing lack of access to the subject premises has resulted in embarrassment and humiliation for Plaintiff, who seeks declaratory and injunctive relief for full and equal access under the ADA and California law. Plaintiff also seeks damages under California law, along with recovery of reasonable statutory attorney fees, litigation expenses, and costs, in accordance with federal and state law.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 for violations of the ADA, 42 U.S.C. §§ 12101 *et seq*. Under supplemental jurisdiction, attendant, and related causes of action, arising from the same facts, are also brought under California law, including, but not limited to, violations of Health and Safety Code and the Unruh Civil Rights Act.

5. Venue is proper in this court under 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is in this District and that Plaintiff's causes of action arose in this District.

6. **Intradistrict Assignment:** This case should be assigned to the San Jose Division of the Northern District of California, as the real property which is the subject of this action is in this intradistrict and Plaintiff's causes of action arose in this intradistrict.

## PARTIES

7.     Plaintiff is, and at all relevant times was, a person with physical disabilities, as defined by all applicable California and United States laws. Plaintiff has been physically disabled due to cerebral palsy and spinal fusion. As a result, Plaintiff cannot walk and uses a motorized wheelchair for mobility. Plaintiff's physical disabilities limit him from independently using public facilities unless they adhere to proper accessibility standards for wheelchair users. Plaintiff resides in San Jose, California.

8.     Defendants are and at all relevant times were the owners and/or operators of the subject business, property, and buildings at all times relevant to this Complaint. Upon information and belief, based on public records available to Plaintiff, Defendants TRIALS PUB, a California Corporation; and ROBERT D. THOMAS are and at all relevant times were the owners and/or operators of the the Trials Pub, a bar and restaurant, located at or about 265 N. 1st Street San Jose, CA 95113 ("Trials Pub"). Also, upon information and belief, based on public records available to Plaintiff, Defendants GREGORY BAUMANN; CYNTHIA BAUMANN; SCOTT BAUMANN; and MADRONE VENTURES, INC. are and at all relevant times were the owners and/or operators of the Teske's Germania, a restaurant and beer garden, located at or about 255 N First Street, San Jose, CA 95113 ("Teske's").

9.     Plaintiff is informed and believes that each defendant here is the agent, employee, or representative of each of the other defendants, and performed all acts and omissions stated here within the scope of such agency or employment or representative capacity and is responsible in some manner for the acts and omissions of the other defendants in proximately causing the damages complained of here.

## FACTUAL ALLEGATIONS

10.     Defendants have discriminated against Plaintiff because their facilities and policies do not comply with the requirements of the ADA, the Unruh Act, the Health and Safety Code, and the Disabled Persons Act. Defendants have failed and refused to provide full and equal access to the services, privileges, benefits, and advantages that they provide to persons without disabilities at

Trials Pub and Teske's.

11. Trials Pub and Teske's, including, but not limited to, their entrances/exits, interior paths of travel, customer restrooms, are a "public accommodation" and part of a "business establishment," subject to the requirements of § 301(7) of the ADA (42 U.S.C. § 12181(7)) and of California Civil Code §§ 51, 54 *et seq.*

12. On information and belief, Trials Pub and Teske's have undergone construction, alterations, structural repairs, or additions since January 26, 1992, triggering compliance with disabled access requirements outlined in section 303 of the ADA (42 U.S.C. § 12183). For example, permits from the San Jose Building Department indicate alterations to Teske's public bathroom around 1999. Facilities modified since 1982 are also subject to "Title 24," the California State Architect's Regulations. Regardless of the construction and alteration history of Trials Pub and Teske's, removal of the access barriers at the subject premises are subject to the "readily achievable" barrier removal requirements of Title III of the ADA.

13. On September 16, 2023, Plaintiff, accompanied by a friend, visited Trials Pub, conveniently located in close proximity to Plaintiff's office, with the intention of dining inside for a more comfortable and relaxing experience. However, Plaintiff was unable to safely enter inside due to an excessive threshold/step at the entrance. Therefore, Plaintiff's only option was to eat outside. However, because being outside for more than 30 minutes was unpleasant, Plaintiff chose to have a drink and an appetizer instead of a full meal. At one point, Plaintiff needed to use the bathroom, but he was not able to access it because of the same threshold/step that prevented him from dining inside in the first place. Not able to get a full meal at Trials Pub and therefore still hungry, Plaintiff attempted to get a meal at Teske's next door. But, Plaintiff again encountered a similar situation as at Trials Pub, an excessive threshold at entrance. This threshold was as insurmountable as the first one at Trials Pub and prevented Plaintiff from safely entering the building.

14. Plaintiff has been wanting to dine inside Trials Pub and Teske's ever since, but he has been repeatedly deterred because neither is accessible to him.

15.     Despite his frustrations, Plaintiff could and would return to Trials Pub and Teske's in the future if the facilities are made accessible to him. He is deterred from returning because Trials Pub and Teske's are still inaccessible to him.

16.     Before filing this lawsuit, Plaintiff's CASp consultant did an informal investigation of Trials Pub and Teske's. While he could not make detailed measurements, he found that the facilities were also inaccessible in multiple other ways, including, but not limited to, these barriers related to Plaintiff's disabilities:

**Trials Pub**

- Door leaf less than 32" wide
- No 5% accessible tables inside
- No 5% accessible seating at the counter

**Teske's**

- Door leaf less than 32" wide
- Slope over 2% at front door
- No 5% accessible tables inside
- No 5% accessible seating at the counter

17.     Plaintiff alleges that it would be a futile gesture to provide notices of violations relating to his continued and/or attempted visits, which are certain to occur regularly following the filing of this Complaint. Therefore, Plaintiff will seek to supplement this Complaint at the time of trial as to subsequent events, according to proof.

18.     Defendants knew, or should have known, that these elements and policies rendered Trials Pub and Teske's inaccessible, violate state and federal law, and interfere with and/or deny access to individuals with similar mobility disabilities. Upon information and belief, Defendants have the financial resources to remove these barriers and make their facilities accessible to persons with physical disabilities. To date, however, Defendants refused to remove those barriers or to provide full and equal access to their facilities.

19.     As a result of Defendants' actions and failures to act and failure to provide disabled

access, Plaintiff suffered a denial of his civil rights, emotional discomfort, and denial of rights to full and equal access to public accommodations, all to his general, special, and statutory damages. On each such denial of access, Plaintiff has encountered barriers to full and equal access which have caused him difficulty, discomfort, and embarrassment. Plaintiff has been required to seek legal assistance, and seeks statutory attorney fees, litigation expenses, and costs, pursuant to federal and state law.

20. Plaintiff's goal in this suit is a positive one: to make Trials Pub and Teske's fully accessible to persons with similar mobility disabilities.

**FIRST CAUSE OF ACTION:**

**VIOLATION OF THE ADA, TITLE III**

**[42 USC 12101 *et seq.*]**

**(Against all Defendants and Each of Them)**

21. Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the allegations contained in all paragraphs of this Complaint and incorporates them here as if separately repled.

22. Plaintiff was at all times relevant here a qualified individual with a disability as defined by the ADA, as he has impairments that substantially limit one or more major life activities.

23. Plaintiff has reasonable grounds for believing he will be subjected to discrimination each time that he may attempt to access and use the subject facilities.

24. The subject properties and facilities are among the "private entities," which are considered "public accommodations" for purposes of Title III of the ADA. 42 U.S.C. 12181(7)(A).

25. The acts and omissions of Defendants set forth here was in violation of Plaintiff's rights under the ADA and the regulations promulgated thereunder, 28 C.F.R. Part 36, *et seq.*

26. The removal of each of the barriers complained of by Plaintiff as alleged here, were at all times mentioned here "readily achievable" under the standards of § 12181 and § 12182 of the ADA. The ability to have an accessible entrance to Trials Pub and Teske's and accessible seating inside is a fundamental necessity. Without this, Plaintiff cannot fully avail himself of the goods

and services offered at these premises. Therefore, the benefits of creating access do not exceed the costs of readily achievable barrier removal. These costs are fundamental to doing business, like any other essential function of operating a public accommodation. Moreover, these are the types of barriers identified by the Department of Justice as readily achievable to remove, and indeed, they are readily achievable to remove. Also, as noted throughout this Complaint, removal of each of the architectural barriers complained of here was also required under California law.

27. Plaintiff also alleges on information and belief that Trials Pub and Teske's were modified after January 26, 1992. Any alterations, structural repairs or additions since January 26, 1992 have independently triggered requirements for removal of barriers to access for disabled persons per 12183 of the ADA. Here, Defendants violated the ADA by failing to make the alterations in such a manner that, to the maximum extent feasible, the altered portions of Trials Pub and Teske's are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs.

28. Defendants have discriminated against Plaintiff in violation of Title III of the ADA by:

    a) providing benefits to Trials Pub and Teske's that are unequal to that afforded to people without disabilities;

    b) failing to make the altered portions of Trials Pub and Teske's readily accessible to and usable by individuals with disabilities;

    c) failing to remove architectural barriers that are structural in nature in existing facilities where such removal is readily achievable; and

    d) where Defendants can demonstrate the removal of architectural barriers is not readily achievable, failing to make the goods, services, facilities, privileges, advantages, or accommodations of Trials Pub and Teske's available through alternative methods if such methods are readily achievable.

29. On information and belief, as of the date of Plaintiff's visits to Trials Pub and Teske's and as of the filing of this Complaint, the subject premises have denied and continue to deny full and equal access to Plaintiff, which violate Plaintiff's rights to full and equal access and which

1  discriminate against him on the basis of his disability, thus wrongfully denying to him the full and
2  equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in
3  violation of § 12182 and § 12183 of the ADA.

4  30.  Under the ADA, 42 U.S.C. § 12188 *et seq*., Plaintiff is entitled to the remedies and
5  procedures set forth in 204(a) of the Civil Rights Act of 1964, 42 U.S.C. § 2000(a)-3(a), as he is
6  being subjected to discrimination based on disability in violation of the ADA or has reasonable
7  grounds for believing that he is about to be subjected to discrimination.

8  31.  Plaintiff seeks relief under remedies set forth in 204(a) of the Civil Rights Act of 1964, 42
9  § U.S.C. 2000(a)-3(a), and pursuant to Federal Regulations adopted to implement the ADA.

10  WHEREFORE, Plaintiff requests relief as outlined below.

**SECOND CAUSE OF ACTION:**

**VIOLATION OF UNRUH CIVIL RIGHTS ACT**

**[Cal. Civil Code 51 *et seq*.]**

**(Against all Defendants and Each of Them)**

15  32.  Plaintiff repleads and incorporates by reference, as if fully set forth again here, the
16  allegations contained in all paragraphs of this Complaint and incorporates them here by reference
17  as if separately repled hereafter.

18  33.  Trials Pub and Teske's are each a business establishment within the meaning of the Unruh
19  Act. Defendants are the owners and/or operators of a business establishment.

20  34.  Defendants violated the Unruh Act by its acts and omissions, as follows:

   a) Failure to construct and/or alter Trials Pub and Teske's in compliance with state
      building code and state architectural requirements;
   b) Failure to remove known barriers to access at Tria's Pub and Teske's; and
   c) Violation of the ADA, a violation of which is a violation of the Unruh Act. Cal.
      Civil Code 51(f).

26  35.  Plaintiff has experienced barriers to access at Trials Pub and Teske's, all of which have
27  caused him difficulty, discomfort, and embarrassment.

8
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

36. On information and belief, Trials Pub and Teske's are also illegally inaccessible in multiple other respects. The barriers to access described in this Complaint are listed without prejudice to Plaintiff citing additional barriers to access after inspection by Plaintiff's access consultant(s)/expert(s).

37. These barriers to access render Trials Pub and Teske's inaccessible to and unusable by persons with mobility disabilities. All facilities must be brought into compliance with all applicable federal and state code requirements, according to proof. Plaintiff prays for leave to amend this Complaint, if necessary, to obtain full injunctive relief as to barriers that limit or deny full and equal access to Plaintiff.

38. Each violation of the ADA constitutes a separate and distinct violation of California Civil Code § 51(f), thus independently justifying an award of damages and injunctive relief under California law, including, but not limited to, Civil Code § 52(a).

39. As for Defendants' violations of the Unruh Act that are not predicated on violations of the ADA, Defendants' behavior was intentional: they were aware of and/or were made aware of their duties to remove barriers that prevent persons with mobility disabilities like Plaintiff from obtaining full and equal access to Trials Pub and Teske's. Defendants' discriminatory practices and/or policies that deny full enjoyment of Trials Pub and Teske's to persons with physical disabilities reveal actual and implied malice and conscious disregard for the rights of Plaintiff and other similarly disabled individuals. Defendants have thus engaged in willful affirmative misconduct in violating the Unruh Act.

40. On information and belief, the access features of Trials Pub and Teske's have not been improved since Plaintiff's visit there. Plaintiff's injuries are ongoing so long as Defendants do not provide fully accessible facilities to Plaintiff.

41. At all times mentioned here, Defendants knew, or in the exercise of reasonable diligence should have known, that their barriers, policies and practices at its facilities violated disabled access requirements and standards and had a discriminatory impact upon Plaintiff and upon other persons with similar mobility disabilities, but Defendants failed to rectify the violations, and

presently continues a course of conduct in maintaining barriers that discriminate against Plaintiff and similarly situated persons with disabilities.

WHEREFORE, Plaintiff requests relief as outlined below.

## THIRD CLAIM:

## VIOLATION OF THE CALIFORNIA HEALTH AND SAFETY CODE

## [Cal. Health and Safety Code §§19955 *et seq.*]

### (Against all Defendants and Each of Them)

42. Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the allegations contained in all paragraphs of this Complaint and incorporates them here as if separately repled.

43. Health & Safety Code §19955 provides in pertinent part:

> The purpose of this part is to ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code. For the purposes of this part "public accommodation or facilities" means a building, structure, facility, complex, or improved area which is used by the general public and shall include auditoriums, hospitals, theaters, restaurants, hotels, motels, stadiums, and convention centers. When sanitary facilities are made available for the public, clients or employees in such accommodations or facilities, they shall be made available for the handicapped.

44. Health & Safety Code §19956, which appears in the same chapter as §19955, provides in pertinent part, "accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code … ." Health & Safety Code §19956 was operative July 1, 1970 and applies to all public accommodations constructed or altered after that date.

45. On information and belief, portions of Trials Pub and Teske's and/or of their building(s) were constructed and/or altered after July 1, 1970, and substantial portions of Trials Pub and Teske's and/or the building(s) had alterations, structural repairs, and/or additions made to such public accommodations after July 1, 1970, thereby requiring Trials Pub and Teske's to be subject to the requirements of Part 5.5, §19955, *et seq.,* of the Health & Safety Code upon such alteration, structural repairs or additions per Health & Safety Code §19959.

46. Under the authority delegated by Government Code §4450, et seq, the State Architect promulgated regulations for the enforcement of these provisions. Effective July 1, 1982, Title 24 of the California Building Standards Code adopted the California State Architect's Regulations and these regulations must be complied with as to any alterations and/or modifications of Trials Pub, Teske's and/or the building(s) occurring after that date. Construction changes occurring before this date but after July 1, 1970 triggered access requirements under the "ASA" requirements, the American Standards Association Specifications, A117.1-1961.

47. On information and belief, at the time of the construction and modification of said building, all buildings and facilities covered were required to conform to each of the standards and specifications described in the American Standards Association Specifications and/or those contained in the California Building Code.

48. Trials Pub and Teske's are each "public-accommodations or facilities" within the meaning of Health & Safety Code §19955, *et seq.*

49. Because of the actions and failure to act of Defendants, and as a result of the failure to provide proper and legally accessible public facilities, Plaintiff was denied Plaintiff's right to full and equal access to public facilities and suffered a loss of civil rights and rights as a person with physical disabilities to full and equal access to public facilities.

WHEREFORE, Plaintiff requests relief as outlined below.

## FOURTH CLAIM:
## VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT
**[Cal. Civ. Code § 54 *et seq.*]**
**(Against all Defendants and Each of Them)**

50. Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the allegations contained in all paragraphs of this Complaint and incorporates them here as if separately repled.

51. The subject facilities are a place of public accommodation and/or places to which the

public is invited and, as such, they are obligated to comply with the provisions of the Disabled Persons Act ("CDPA"), California Civil Code § 54 *et seq.*

52. The CDPA guarantees, among other things, that persons with disabilities have the same right as the public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, public facilities, and other public places. California Civil Code § 54.

53. The CDPA also guarantees, among other things, that persons with disabilities are entitled to full and equal access, as other members of the public, to accommodations, advantages, facilities, and privileges of covered entities. California Civil Code § 54.1(a) (1).

54. Defendants have violated the CDPA by, among other things, denying and/or interfering with Plaintiff's right to full and equal access as other members of the public to the accommodations, advantages, at the Gas Station due to his disability.

55. Further, each and every violation of the Americans With Disabilities Act of 1990 (as pled in the First Cause of Action, *infra,* the contents of which are repled and incorporated here, word for word, as if separately repled), also constitutes a separate and distinct violation of California Civil Code § 54(c), thus independently justifying an award of damages under California law.

56. Further, each and every violation of the Americans With Disabilities Act of 1990 (as pled in the First Cause of Action, *infra*, the contents of which are repled and incorporated here, word for word, as if separately repled), also constitutes a separate and distinct violation of Civil Code § 54.1(d), thus independently justifying an award of damages under California law.

57. For each offense of the CDPA, Plaintiff seeks actual damages (both general and special damages), and not less than the statutory minimum damages of one thousand dollars ($1,000) for each offense.

WHEREFORE, Plaintiff requests relief as outlined below.

### PRAYER FOR RELIEF

1. Plaintiff has no adequate remedy at law to redress the wrongs suffered as stated in this Complaint. Plaintiff has suffered and will continue to suffer irreparable injury because of the unlawful acts, omissions, policies, and practices of Defendants as alleged here, unless Plaintiff is

1 granted the relief he requests. Plaintiff and Defendants have an actual controversy and opposing
2 legal positions on Defendants' violations of the laws of the United States and the State of
3 California. The need for relief is critical because the rights at issue are paramount under the laws
4 of the United States and the State of California;

5 2. Plaintiff requests a declaratory judgment that Defendants' actions, omissions, and
6 failures—including but limited to: failing to remove known architectural barriers at Trials Pub
7 and Teske's so as to make the facilities "accessible to and useable by" mobility disabled persons;
8 failing to construct and/or alter Trials Pub and Teske's in compliance with federal access
9 standards, state building code, and state architectural requirements; and failing to make
10 reasonable modifications in policy and practice for Plaintiff and other persons with similar
11 mobility disabilities;

12 3. Plaintiff requests that the Court issue an order enjoining Defendants, their agents,
13 officials, employees, and all persons and entities acting in concert with it:

  a) From continuing the unlawful acts, conditions, and practices described in this Complaint;

  b) To provide reasonable accommodation for persons with disabilities in all its programs, services and activities at Trials Pub and Teske's;

  c) To ensure that persons with disabilities are not denied the benefits of, or participation in, programs, services, and activities at Trials Pub and Teske's;

  d) To modify the above-described facilities to provide full and equal access to persons with mobility disabilities, including, without limitation, the removal of all barriers to access where "readily achievable;"

  e) To maintain such accessible facilities once they are provided;

  f) To train Defendants' employees and agents in how to accommodate the rights and needs of physically disabled persons at Trials Pub and Teske's;

  g) To implement nondiscrimination protocols, policies, and practices for accommodating persons with mobility disabilities at Trials Pub and Teske's.

1    4.      Plaintiff requests that the Court retain jurisdiction over Defendants until the Court is

2   satisfied that Defendants' unlawful policies, practices, acts and omissions, and maintenance of

3   inaccessible public facilities as complained of here no longer occur, and cannot recur;

4    5.      Plaintiff requests all appropriate damages, including, but not limited to, statutory,

5   compensatory, and treble damages in an amount within the jurisdiction of the Court, all according

6   to proof;

7    6.      Plaintiff requests all reasonable statutory attorney fees, litigation expenses, and costs of

8   this proceeding as provided by law, including, but not limited to, the ADA, 42 U.S.C. 12205; the

9   Unruh Act, California Civil Code 52; and "public interest" attorney fees, litigation expenses and

10  costs under California Code of Civil Procedure 1021.5;

11   7.      Plaintiff requests prejudgment interest under California Civil Code 3291;

12   8.      Plaintiff requests interest on monetary awards as permitted by law; and

13   9.      Plaintiff requests any other relief that this Court may deem just and proper.

15  Date: February 5, 2024                              ALLACCESS LAW GROUP

16                                                      /s/ Irakli Karbelashvili
17                                                     By IRAKLI KARBELASHVILI, Esq.
                                                       Attorney for Plaintiff
18                                                     CARLOS PENA

20                                    **JURY DEMAND**

21        Plaintiff demands a trial by jury for all claims for which a jury is permitted.

23  Date: February 5, 2024                              ALLACCESS LAW GROUP

24                                                      /s/ Irakli Karbelashvili
25                                                     By IRAKLI KARBELASHVILI, Esq.
                                                       Attorney for Plaintiff
26                                                     CARLOS PENA

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES